## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Fairly Odd Treasures,
a North Carolina limited liability company,

      Plaintiff,

         v.

IWUC Sp. z.o.o,
a Polish limited liability company,

      Defendant.

Case No.: 1:22-cv-1055

---

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

For this Complaint and Demand for Jury Trial in this matter, Plaintiff Fairly Odd Treasures, LLC, by and through its attorneys Revision Legal, PLLC, states as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Fairly Odd Treasures, LLC ("FOT") is a North Carolina limited liability company with its principal place of business in Harrisburg, North Carolina.

2. Defendant IWUC Sp. z.o.o. ("IWUC") is a Polish limited liability company with its principal place of business in Warszawa, Poland.

3. This Court has original and exclusive jurisdiction for this matter under 28 U.S.C. § 1331 and § 1338 because this is a civil action arising under an Act of Congress governing copyrights. This Court also has jurisdiction over the subject matter of this declaratory judgment lawsuit regarding trade dress rights pursuant to 28 U.S.C. §§ 1331, 1338(a), 15 U.S.C. § 1119, 1121, and 28 U.S.C. §§ 2201(a) and 2202.

1

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the common law and state law claims asserted in this action because they are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

5. This Court has original jurisdiction over Plaintiff's unfair competition claim pursuant to 28 U.S.C. 1338(b) because the claim is joined with a substantial and related claim under both copyright and trademark law.

6. Personal jurisdiction is proper over Defendant because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendant transacts business within this state, creates and operates interactive websites that reveal specifically intended interactions with residents of this state, and creates and runs advertisements within this state.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating at its Amazon.com storefront and at its principal website located at <rainbowsocks.com>. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers. It offers shipping to the United States, including Illinois, accepts payment in U.S. Dollars, and has sold products to Illinois residents.

**STATEMENT OF FACTS**

**Introduction**

8. This action is filed by FOT in response to IWUC's filing of false notices of claimed infringement with Amazon.com concerning FOT's sale of novelty socks that bear images of pizza toppings on them.

9. More specifically, IWUC claims to have exclusive intellectual property rights in and to the display of pizza-related images on socks and the sale of novelty socks inside of a pizza box.

10. IWUC has used these purported intellectual property rights to unlawfully disrupt the business of its competitor, FOT, by issuing false notices of claimed infringement to Amazon.com to remove FOT's listings.

11. These bad faith actions were specifically timed prior to the holiday season to ensure that FOT could not fulfill orders of its products to consumers and to cause the most amount of harm possible to FOT.

12. Consequently, FOT now brings claims against IWUC for abuse of the Digital Millennium Copyright Act, unfair competition, and tortious interference with prospective business relations and requests that this Honorable Court declare its sale of novelty socks to not be infringing and cancel IWUC's purported trade dress rights.

**Plaintiff's Business**

13. FOT is an online retailer of various novelty products, such as humorous mugs, wigs, socks, games, ice trays, and other gifts.

14. FOT retails these novelty products through a variety of channels, including, but not limited to, the Amazon.com platform and its own website located at <fairlyoddtreasures.com>.

15. At issue in this case, FOT sells novelty socks with pizza-related images displayed on them, including images of pepperoni, cheese, mushrooms, and crust ("FOT Socks"):



16. These novelty socks are sold in a pizza box that bears FOT's name and registered trademark:



**Defendant's Business**

17. Defendant IWUC is an online retailer of socks that sells under the brand name "Rainbow Socks."

18. IWUC sells socks through a variety of channels, including the Amazon.com marketplace and its own website located at <rainbowsocks.com>.

19. Similar to FOT, IWUC sells novelty socks with pizza-related images displayed on them, including images of pepperoni, cheese, mushrooms, and crust:



20. These novelty socks are sold in a pizza box that bears the words "pizza socks box."

**Defendant's Purported Intellectual Property Rights**

21. IWUC claims to own both trade dress and copyright rights in and to its pizza socks box.

22. Specifically, IWUC has filed for and obtained registration of trade dress consisting of the following:

> Color is not claimed as a feature of the mark. A three-dimensional configuration comprising an open octagon-shaped cardboard box. Within

5

the box appears four pairs of socks formed to resemble slices of pizza inside of the octagon-shaped box. Three pairs of socks are folded in a triangle shape to form slices that feature decoration that resembles pepperoni, pineapple, and other pizza toppings, and one pair is rolled to form a crust. In the center of the octagon-shaped box and sitting on top of the socks is a plastic pizza box stack ("Pizza Socks Trade Dress").

23. IWUC's purported Pizza Socks Trade Dress is registered with the United States Patent and Trademark Office on an acquired distinctiveness basis and under Reg. No. 6,219,479.

24. The first use in commerce of IWUC's purported Pizza Socks Trade Dress was October of 2017.

25. IWUC's purported Pizza Socks Trade Dress was registered on December 15, 2020.

26. Specifically, in support of its claim that its pizza socks box indicates the origin or source of its goods, IWUC submitted a declaration attesting that it spent a mere "estimated $9,000" on advertising its pizza socks box from 2017 to 2020.

27. In obtaining the Pizza Socks Trade Dress, IWUC also claimed that it made "substantially exclusive and continuous use of the Mark in connection with the claimed goods since as early as October 2017."

28. However, IWUC failed to inform the US Patent and Trademark Office that numerous third parties manufactured and sold socks bearing images of pizza and pizza toppings within octagon-shaped boxes prior to IWUC's first use in commerce.

29. IWUC also failed to inform the US Patent and Trademark Office that it had not, in fact, made exclusive use of the purported Pizza Socks Trade Dress at the time its application for trade dress registration was filed.

30. Similarly, IWUC has filed for and obtained copyright registration of twenty (20) photographs of various socks containing images of food items under the title "FOOD SOCKS." See **Exhibit 1**, Certified Copy of Copyright Deposit.

31. FOOD SOCKS is registered with the US Copyright Office under Reg. No. VA0002205648 and was registered on May 5, 2020 as a "[g]roup registration of published photographs." ("Copyright Registration").

### Defendant's Unlawful Actions

32. FOT and IWUC directly compete for the sale of their respective sock products on the Amazon.com platform.

33. On or about October 22, 2020, IWUC sent a notice of claimed infringement to Amazon.com, which claimed that FOT's sale of the FOT Socks infringes upon IWUC's Pizza Socks Trade Dress and the Copyright Registration.

34. FOT immediately responded to this notice, disputing that the FOT Socks infringe upon IWUC's purported intellectual property rights.

35. In response to FOT's objection, and on November 12, 2020, counsel for IWUC sent a letter to FOT specifying that IWUC believed that the FOT Socks infringe upon IWUC's Pizza Socks Trade Dress and Copyright Registration.

36. On November 23, 2020, counsel for FOT responded to IWUC's allegations, asserting that IWUC is not entitled to patent-like protection of the idea of placing socks in a pizza box by virtue of the fact that it took a photograph of its product and that it could not

reasonably claim trade dress protection of a product configuration because consumers do not associate this product design exclusively with IWUC.

37. At this time, FOT warned IWUC that its submission of false notices of claimed infringement to Amazon could subject it to liability.

38. FOT submitted a counter-notification to Amazon.com on November 23, 2020, requesting that Amazon reinstate FOT's product listings for the FOT Socks.

39. On December 28, 2020, the FOT Socks product was reinstated on Amazon.com's platform.

40. However, on January 18, 2021, FOT's FOT Socks product was once again removed by Amazon due to a notice of claimed infringement by IWUC.

41. On February 6, 2021, FOT's counsel sent a counter notification concerning this second notice of claimed infringement to Amazon, along with a letter to counsel for IWUC.

42. In this letter, FOT's counsel once again cautioned that IWUC could be held liable for submitting false notices of claimed infringement to Amazon.

43. Despite FOT's warnings, IWUC did not take action to reinstate the FOT Socks product and, on February 17, 2021, FOT sent an additional letter to counsel for IWUC, which requested that IWUC immediately retract its notice of claimed infringement with Amazon.com.

44. On March 22, 2021, counsel for IWUC confirmed that IWUC would take no action to reinstate the FOT Socks product.

45. Despite FOT's requests and appeals, the FOT Socks product has not been reinstated on Amazon.com.

46.     Consequently, FOT brings this action for declaratory judgment, cancellation of the IWUC's trade dress, abuse of the Digital Millennium Copyright Act, unfair competition, and tortious interference with business relations.

## **COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADE DRESS**

47.     FOT restates all prior paragraphs as if fully restated herein.

48.     It is axiomatic that, to obtain trade dress rights in a product or package design, an applicant must establish secondary meaning.

49.     The Supreme Court has stated that product design almost invariably serves purposes other than source identification, and product shapes and configurations are not likely to be perceived as an indicator of origin or source.

50.     Where an applicant wishes to establish secondary meaning, it must show that a significant number of potential buyers associate the trade dress with a single source of the product.

51.     IWUC's purported Pizza Socks Trade Dress does not indicate a single source, nor do a significant number of potential buyers associate the Pizza Socks Trade Dress with a single seller.

52.     Moreover, IWUC's purported Pizza Socks Trade Dress was used by third parties prior to IWUC's first use in commence and continues to be used by third parties to this day.

53.     Since IWUC's purported Pizza Socks Trade Dress fails to indicate a single source, it also fails to function as trade dress.

54.     Additionally, IWUC's purported Pizza Socks Trade Dress is functional and, therefore, cannot be protected by trade dress.

55. There is an actual case and controversy between the parties regarding the validity of the Pizza Socks Trade Dress and the registrability of the Pizza Socks Trade Dress.

56. Specifically, IWUC has interfered with FOT's business relationship between its customers and Amazon.com and has threatened to sue FOT for trade dress infringement.

57. Given IWUC's numerous false notices of claimed infringement, FOT has a real and reasonable apprehension of litigation.

58. Given FOT's numerous counter-notifications and its February 6, 2021 letter sent to IWUC's counsel identifying IWUC's potential liability, FOT engaged in a course of conduct which brought it into adversarial conflict with IWUC.

59. FOT is entitled to declaratory relief pursuant to 28 U.S.C. § 2201.

60. Consequently, FOT seeks a declaratory judgment from this Court stating:

   a. That the Pizza Socks Trade Dress fails to function as an indicator of source;

   b. That the Pizza Socks Trade Dress is functional; and

   c. That FOT's sale of the FOT Socks does not infringe upon the Pizza Socks Trade Dress.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT

61. FOT restates all prior paragraphs as if fully restated herein.

62. Copyright protection only extends to an individual artist's original expression of an idea and not to the underlying idea itself.

63. IWUC's Copyright Registration, which covers photographs of various food-related socks, provides copyright protection solely for the visual art depicted in those photographs.

64. FOT has not copied the visual art depicted in the photographs that were filed as a deposit copy in pursuit of the Copyright Registration. See **Exhibit 1**, Certified Copy of Copyright Deposit.

65. FOT's FOT Socks are not substantially similar to the photographs covered by the Copyright Registration.

66. To the extent that similarities exist between the photographs covered by the Copyright Registration and the FOT Socks, it is because those similarities arise out of the limited number of ways to convey the idea of novelty socks in a pizza box.

67. There is an actual case and controversy between the parties regarding FOT's alleged infringement of the Copyright Registration.

68. Specifically, IWUC has interfered with FOT's business relationship between its customers and Amazon.com and has threatened to sue FOT for copyright infringement.

69. Given IWUC's numerous false notices of claimed infringement, FOT has a real and reasonable apprehension of litigation.

70. Given FOT's numerous counter-notifications and its February 6, 2021 letter sent to IWUC's counsel identifying IWUC's potential liability, FOT engaged in a course of conduct which brought it into adversarial conflict with IWUC.

71. FOT is entitled to declaratory relief pursuant to 28 U.S.C. § 2201.

72. Consequently, FOT seeks a declaratory judgment from this Court stating that the FOT Socks do not infringe upon the Copyright Registration.

**COUNT III – ABUSE OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

73. FOT restates all prior paragraphs as if fully restated herein.

74. On or about October 22, 2020, IWUC sent a notice of claimed infringement to Amazon.com, which claimed that FOT's sale of the FOT Socks infringes upon IWUC's Pizza Socks Trade Dress and Copyright Registration.

75. On or about January 18, 2021, IWUC sent a second notice of claimed infringement to Amazon.com, which claimed that FOT's sale of the FOT Socks infringes upon IWUC's Pizza Socks Trade Dress and Copyright Registration.

76. In these notices of claimed infringement, IWUC materially and knowingly misrepresented the scope of its rights and the scope of the Copyright Registration.

77. These notices of claimed infringement knowingly, falsely, and fraudulently claimed that FOT's FOT Socks are identical or substantially similar to the photos contained in the deposit material associated with the Copyright Registration.

78. However, at the time these notices of claimed infringement were submitted, IWUC knew that the FOT Socks were not identical or substantially similar to the photos contained in the deposit material associated with the Copyright Registration.

79. Due to IWUC's knowingly false and fraudulent notices of claimed infringement, Amazon.com removed and disabled FOT's Amazon listing for the FOT Socks.

80. IWUC submitted these false and fraudulent notices of claimed infringement with the intent to disrupt FOT's business.

81. As a result of IWUC's wrongful and materially false representations to Amazon, FOT's Amazon listing was removed and disabled costing FOT lost sales and damages.

82. IWUC's improper and unlawful behavior constitutes abuse of the Digital Millennium Copyright Act for which IWUC may be held liable pursuant to 17 U.S.C. § 512(f).

## COUNT IV – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

83. FOT restates all prior paragraphs as if fully restated herein.

84. FOT has a reasonable expectation of entering into a valid business relationship with Amazon.com purchasers.

85. IWUC, at the time it submitted fraudulent and false notices of claimed infringement to Amazon, had knowledge of FOT's expectancy.

86. By submitting false and fraudulent notices of claimed infringement to Amazon.com, IWUC purposefully and intentionally interfered with FOT's prospective business relationships.

87. IWUC's interference prevented FOT from converting its expected business relationships into actual business relationships.

88. As a result, IWUC's interference with FOT's business expectancy has caused FOT damages.

89. Consequently, IWUC may be held liable for tortious interference with prospective business advantage.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT

90. FOT restates all prior paragraphs as if fully restated herein.

91. FOT has a valid and enforceable contract between FOT and Amazon.com, specifically, the Amazon Services Business Solutions Agreement.

92. As an Amazon seller and competitor to FOT, IWUC was and is aware of this contractual relationship.

93. By submitting false and fraudulent notices of claimed infringement to Amazon.com to disrupt FOT's business, IWUC intentionally and unjustifiably induced a breach

of this contract, specifically, by falsely informing Amazon.com that it should terminate FOT's listings and rights under the Amazon Services Business Solutions Agreement because it had sold and was selling purportedly infringing goods.

94. This breach of the Amazon Services Business Solutions Agreement was specifically caused by IWUC's wrongful conduct in submitting false and fraudulent notices of claimed infringement.

95. As a result, FOT has suffered damages.

96. Consequently, IWUC may be held liable for tortious interference with contract.

**COUNT VI – CANCELLATION OF PIZZA SOCKS TRADE DRESS**

97. FOT restates all prior paragraphs as if fully restated herein.

98. IWUC filed for and obtained registration of the Pizza Socks Trade Dress, which consists of the following:

> i. Color is not claimed as a feature of the mark. A three-dimensional configuration comprising an open octagon-shaped cardboard box. Within the box appears four pairs of socks formed to resemble slices of pizza inside of the octagon-shaped box. Three pairs of socks are folded in a triangle shape to form slices that feature decoration that resembles pepperoni, pineapple, and other pizza toppings, and one pair is rolled to form a crust. In the center of the octagon-shaped box and sitting on top of the socks is a plastic pizza box stack.

99. The Pizza Socks Trade Dress is registered on a 2(f) basis, which means that it is registered based on acquired distinctiveness.

100. In submitting its application to the US Patent and Trademark Office, IWUC falsely affirmed that it had the exclusive right to use the Pizza Socks Trade Dress in commerce and that no other person had the right to use this trade dress either in identical form or in near resemblance.

101. On the contrary—many third parties made similar uses of IWUC's purported trade dress in commerce prior to October 2017.

102. In falsely affirming to the USPTO that it had the exclusive right to use the Pizza Socks Trade Dress in commerce, IWUC committed fraud upon the USPTO for which cancellation of its trade dress rights is an appropriate remedy.

103. Additionally, in obtaining registration of the Pizza Socks Trade Dress, the USPTO denied IWUC's application for registration due to a failure to establish acquired distinctiveness.

104. In response to this denial, IWUC submitted evidence arguing that the Pizza Socks Trade Dress had acquired distinctiveness through secondary meaning because IWUC had spent an estimated $9,000 advertising the Pizza Socks Trade Dress from 2017 to 2020.

105. However, the Pizza Socks Trade Dress has not acquired secondary meaning.

106. Where an applicant wishes to establish secondary meaning, it must show that a significant number of potential buyers associate the trade dress with a single source of the product.

107. IWUC's purported Pizza Socks Trade Dress does not indicate a single source, nor do a significant number of potential buyers associate the Pizza Socks Trade Dress with a single seller.

108. More specifically, consumers encountering IWUC's purported Pizza Socks Trade Dress do not make the association that IWUC's product configuration points to IWUC as the sole source of pizza socks.

109. Because the Pizza Socks Trade Dress has not acquired secondary meaning, IWUC's Pizza Socks Trade Dress should not have been granted registration by the USPTO.

110. Additionally, IWUC's purported Pizza Socks Trade Dress comprises matter that is wholly functional and cannot serve as a mark.

111. Consequently, FOT hereby request that the Court cancel IWUC's purported Pizza Socks Trade Dress because of fraud on the USPTO, because it has not acquired secondary meaning, and because it is functional.

### COUNT VII – UNFAIR COMPETITION UNDER ILLINOIS DECEPTIVE TRADE PRACTICES ACT

112. FOT restates all prior paragraphs as if fully restated herein.

113. IWUC submitted false and fraudulent notices of claimed infringement to Amazon.com in a deliberate attempt to disrupt the business of its competitor, FOT.

114. Specifically, IWUC falsely informed Amazon.com that FOT's FOT Socks infringe upon IWUC's purported Pizza Socks Trade Dress and Copyright Registration.

115. When IWUC submitted these false and fraudulent notices, it knew that they were false and fraudulent.

116. These actions disparaged the goods of FOT through a false or misleading representation of fact.

117. These actions also created a likelihood of misunderstanding.

118. These actions caused FOT damages, including, but not limited to, the loss of sales.

119. As a result, IWUC may be held liable under the Illinois Deceptive Trade Practices Act.

## PRAYER FOR RELIEF

FOT respectfully requests that the Court enter the following judgment against IWUC:

1. That the Court find and declare the following:

    a. That the Pizza Socks Trade Dress fails to function as an indicator of source;

    b. That the Pizza Socks Trade Dress is functional;

    c. That FOT's sale of the FOT Socks does not infringe upon the Pizza Socks Trade Dress; and

    d. That FOT's sale of the FOT Socks does not infringe upon IWUC's Copyright Registration;

2. That the Court direct the US Patent and Trademark Office to cancel the Pizza Socks Trade Dress registration;

3. That the Court find and hold IWUC liable for tortious interference with prospective business advantage, tortious interference with contract, and a violation of the Illinois Deceptive Trade Practices Act;

4. That the Court award FOT its actual damages, lost profits, consequential damages, exemplary damages, and any other damages allowable under law;

5. That the Court award FOT its costs and attorneys' fees, and;

6. That the Court award FOT any other relief to which it is entitled.

Respectfully Submitted,

Date: March 1, 2022                                         Fairly Odd Treasures, LLC

/s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
Revision Legal, PLLC
205 N. Michigan Ave.
Suite 810
Chicago, IL 60601
(231) 714-0100
(231) 714-0200 (f)
eric@revisionlegal.com
john@revisionlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Date: March 1, 2022

Fairly Odd Treasures, LLC

/s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
Revision Legal, PLLC
205 N. Michigan Ave.
Suite 810
Chicago, IL 60601
(231) 714-0100
(231) 714-0200 (f)
eric@revisionlegal.com
john@revisionlegal.com

*Attorneys for Plaintiff*